UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN C. ROUNDTREE,<br><br>    Plaintiff,<br><br>    v.<br><br>CHASE BANK USA, N.A.,<br><br>    Defendant. | CASE NO. C13-239-MJP<br><br>ORDER DENYING MOTIONS TO SEAL |

This matter comes before the Court on Plaintiff Brian Roundtree's motion to seal his motion for summary judgment and all supporting documentation and Defendant's motion to seal a portion of the supporting documentation in its own motion for summary judgment. Having reviewed the motions (Dkt. Nos. 33, 37), responses (Dkt. Nos. 44, 46), reply (Dkt. No. 48) and all related papers, the Court GRANTS Plaintiff's motion in part and DENIES it in part (Dkt. No. 37); the Court DENIES Defendant's motion (Dkt. No. 33).

**Discussion**

There is a strong presumption in favor of public access to the Court's files. See e.g. Local Rules W.D. Wash. LCR 5(g). This presumption is especially strong when it comes to the

1 | public's access to documents attached to dispositive motions and, as is the case here, the

2 | dispositive motion itself.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th

3 | Cir. 2006).  Unlike the lesser "good cause" standard for non-dispositive motions, parties must

4 | meet a "compelling reasons" standard to obtain a court order sealing documents attached to a

5 | summary judgment or other dispositive motion.  Foltz v. State Farm Mutual Automobile

6 | Insurance Co., 331 F.3d 1122, 1136 (9th Cir. 2003).  To induce this Court's protection, "the

7 | party must 'articulate[ ] compelling reasons supported by specific factual findings,' that

8 | outweigh the general history of access and the public policies favoring disclosure, such as the

9 | public interest in understanding the judicial process."  Kamakana, 447 F.3d at 1179 (internal

10 | citations omitted).  A motion to seal must be narrowly tailored.  Foltz, 331 F.3d at 1135.

11 |       A.   Plaintiff's motion to seal summary judgment record

12 |       Plaintiff asks the Court to seal his entire summary judgment record because the parties

13 | stipulated to non-disclosure and he participated in Chase's discovery efforts without limitation.

14 | (Dkt. No. 37 at 2.)  He also suggests, "Roundtree simply requests that this information and his

15 | private matters remain out of the public eye."  (Id.)  In total, he asks the Court to seal over one

16 | hundred pages, including the summary judgment motion's discussion of legal principles on all of

17 | his claims.

18 |       The Court finds Plaintiff does not show, with the required particularity, specific prejudice

19 | or harm that will result if the information is disclosed.  "Simply mentioning a general category of

20 | privilege, without any further elaboration or any specific linkage with the documents, does not

21 | satisfy the burden."  Kamakana, 447 F.3d at 1184.  Moreover, Plaintiff has "failed to state what

22 | harm [it] would experience if this material were publicly disclosed or to provide any specific

23 | reasons, supported by facts, that could outweigh the public policy favoring public access to court

24 |

ORDER DENYING MOTIONS TO SEAL- 2

1  filings." Digital Reg of Texas, LLC v. Adobe Sys. Inc., 2013 WL 4049686, at *1 (N.D.Cal.
2  Aug. 8, 2013). Apart from failing to establish a compelling interest, Plaintiff's means of
3  protecting that purported interest —the sealing of an entire dispositive motion, including the
4  legal argument— is suspect. Less restrictive means, including redaction, should have been
5  considered. The Court DENIES the motion to seal the entire summary judgment record without
6  prejudice.

7       The Court does however GRANT the motion as it pertains to portions of the Douglas
8  Cameron declaration. The internal event-detail screen shots pertaining to Mr. Roundtree's
9  account and that of another customer contain proprietary and private information about Chase's
10 fraud investigations. The Court finds protecting this information from public scrutiny is a
11 compelling interest. Because Plaintiff has filed these papers in a larger file, not all of which
12 merit sealing, the Court orders the following: within 10 days of this order, Plaintiff is directed to
13 re-file the Declaration of Douglas Cameron with pages 20-26 and 35-41 redacted. Once that has
14 been filed, the Court directs the Clerk to unseal Dkt. No. 40, except for Dkt. No. 40-1, which
15 contains the proprietary information discussed in this paragraph.

16      B.  Defendant's motion to seal

17      In accordance with the parties' stipulated protective order, Defendant moves to seal the
18 deposition transcript of Plaintiff. (Dkt. No. 33.) The deposition discusses a wide range of topics
19 including Mr. Roundtree's education and background, his interactions with Chase, and his visits
20 to adult entertainment clubs, including the Baghdad Club where the events described in his
21 complaint allegedly occurred. (Dkt No. 36.) Mr. Roundtree urges the Court to grant the motion
22 because he claims the topics discussed in the deposition could be potentially embarrassing,
23 damage his reputation, and harm his business relationships. For the same reasons discussed
24

above, the failure to identify a compelling interest and narrowly tailor the request to less restrictive means (such as redaction), the motion is DENIED.

## Conclusion

With the exception of portions of the Douglas Cameron declaration (Dkt. No. 40), which contains proprietary information, the Court finds no compelling basis to seal Plaintiff's entire summary judgment motion.  His motion to seal is therefore GRANTED as to the portions of the Douglas Cameron declaration identified above, but otherwise DENIED.  (Dkt. No. 37.) Defendant's motion to seal is DENIED because it also fails to show a compelling interest nor is it narrowly tailored.  (Dkt. No. 33.)

The Clerk is directed to unseal the following: Dkt. Nos. 35, 36, 37, 38, and 39.  As to , the Declaration of Douglas Cameron (Dkt. No. 40), Plaintiff is directed to re-file the declaration with pages 20-26 and 35-41 redacted (those identified in Defendant's response to Plaintiff's motion to seal).  Once that has been filed, the Court directs the Clerk to unseal Dkt. No. 40, except for Dkt. No. 40-1.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 18th day of December, 2013.

Marsha J. Pechman
Chief United States District Judge