1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   BRIAN C. ROUNDTREE,                    CASE NO. 13-239 MJP

11                        Plaintiff,        ORDER ON MOTION FOR ORDER
                                            AND LEAVE TO HAVE FRCP
12        v.                                30(b)(6) WITNESS APPEAR AT
                                            TRIAL VIA VIDEO CONFERENCE,
13   CHASE BANK USA, N.A.,                   OR ALTERNATIVELY, FOR
                                            FINDINGS PURSUANT TO FRCP
14                        Defendant.        32(a)(4)(C)

15

16        THIS MATTER comes before the Court on Plaintiff's motion for order and leave to have

17   FRCP 30(b)(6) witness appear at trial via video conference, or alternatively, for findings

18   pursuant to FRCP 32(a)(4)(C). The Court has considered the motion (Dkt. No. 153), Defendant's

19   response (Dkt. No. 163), Plaintiff's reply (Dkt. No. 169), all related documents, and rules as

20   follows:

21        IT IS ORDERED that Plaintiff's Motion for order and leave to have Federal Rule of Civil

22   Procedure ("FRCP") (30)(b)(6) witness appear at trial via video conference is DENIED.

23

24   ORDER ON MOTION FOR ORDER AND LEAVE
     TO HAVE FRCP 30(B)(6) WITNESS APPEAR AT
     TRIAL VIA VIDEO CONFERENCE, OR
     ALTERNATIVELY, FOR FINDINGS PURSUANT
     TO FRCP 32(A)(4)(C)- 1

1    IT IS FURTHER ORDERED that the alternative motion for findings pursuant to FRCP

2    32(a)(4)(c) is DENIED.

3    **<u>Background</u>**

4    This case involves contested charges to Plaintiff's Chase Bank credit card, which was

5    used for travel and entertainment. (Dkt. No. 36 at 15.) Following Defendant's partially

6    successful motion for summary judgment, Plaintiff's remaining claims concern the Fair Credit

7    Banking Act ("FCBA"). (Dkt. No. 105.)

8    In October 2013, Plaintiff notified this Court of the scheduled deposition of Defendant's

9    deponent, appointed under FRCP 30(b)(6) ("corporate deponent"). (Dkt. No. 154, Exhibit A.)

10   Two such depositions occurred. (Dkt. 163 at 1.) In February 2014, Defendant informed Plaintiff

11   of the corporate deponent's illness and related unavailability for trial. (Dkt. 153 at 2.) The

12   corporate deponent is now well enough to work but asked to be released from further

13   involvement with this matter. (Dkt. No. 163 at 1.)

14   **<u>Analysis</u>**

15   Plaintiff makes two requests. First, he asks this Court to apply a combination of FRCP

16   30(b)(6), 43, and 45 to compel Defendant's unwilling corporate deponent to testify at trial via

17   live video link. Second, Plaintiff cites FRCP 32(a)(4)(C) and asks this Court to require

18   Defendant to produce evidence substantiating the corporate deponent's unavailability. As

19   explained below, Plaintiff's motions are not supported by the plain language of these rules.

20   **A.  FRCP 30(b)(6) is inapplicable to the issue of witness testimony at trial**

21   

22   Plaintiff asserts that the duties of Defendant's corporate deponent extend beyond

23   discovery. (Dkt. 153 at 3.) This is incorrect. FRCP 30(b)(6) is a discovery rule applicable when a

24   ORDER ON MOTION FOR ORDER AND LEAVE
TO HAVE FRCP 30(B)(6) WITNESS APPEAR AT
TRIAL VIA VIDEO CONFERENCE, OR
ALTERNATIVELY, FOR FINDINGS PURSUANT
TO FRCP 32(A)(4)(C)- 2

party wishes to depose an organization. Under the rule, the deposing party describes the subject

matter of the proposed deposition and the organization produces the person(s) competent to

testify on the described subject; i.e., the corporate deponent. Here, Plaintiff conducted two

depositions of Defendant's corporate deponent. At that point, Defendant's obligations under

FRCP 30(b)(6) were fulfilled; the rule contains no language compelling the corporate deponent's

testimony at trial.

**B. FRCP 45 does not permit this Court to compel an Arizona-based corporate deponent to testify at trial in Washington State**

Plaintiff asks this Court to use its subpoena power under FRCP 45 to compel the

Arizona-based corporate deponent to testify in Seattle, Washington. The Court does not read

FRCP 45 to permit this. While it allows subpoena service anywhere in the country, a subpoena

notice can only direct compliance as defined by FRCP 45(c), which states:

> (c) Place of Compliance.
>     (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>         (A)   within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>         (B)   within the state where the person resides, is employed, or regularly transacts business in person, if the person
>             (i)   is a party or a party's officer; or
>             (ii)   is commanded to attend a trial and would not incur substantial expense.

If the subpoena falls outside of the scope of FRCP 45(c), FRCP 45(d)(3)(A)(ii) requires

the Court to quash the subpoena following timely motion. Here, the corporate deponent resides

and is employed in Arizona. (Dkt. 163 at 4.) Regardless of his status as nonparty witness, party,

1   or party officer, he is more than 100 miles from Seattle and in another state. Therefore, the

2   Federal Rules of Civil Procedure do not authorize this Court to compel his attendance.

3          Plaintiff attempts to avoid the geographic limits of FRCP 45(c) by arguing that trial

4   testimony via live video link moves a trial to the physical location of the testifying person.

5   Plaintiff contends that, during those minutes of testimony via live video link from Arizona, the

6   trial in a Seattle courthouse would be transported to Arizona. Plaintiff provides no legal authority

7   or compelling reason for this interpretation of Rule 45(c) and the Court declines to adopt it.

8   **C.  FRCP 43(a) requires a witness willing or compelled to testify at trial**

9

10         FRCP 43(a) establishes the general rule that witnesses should give live testimony in open

11  court. Under exceptional circumstances, it permits a Court to allow contemporaneous

12  transmission of witness testimony from a different location; e.g., through video conference.

13  Application of this exception, however, presupposes a witness willing or compelled to testify at

14  trial. Here, the corporate deponent is not willing to testify at trial. Nor, as explained above, can

15  Plaintiff compel the corporate deponent to testify at trial in Seattle. Therefore, there is no reason

16  for this Court to consider whether this situation merits the exceptional use of video transmission

17  of testimony.

18  **D.  Motion for "findings" under FRCP 32(a)(4)(C) is inappropriate and unnecessary**

19         The Court finds that the corporate deponent is unavailable because he is unwilling to

20  voluntarily appear and is outside the subpoena power of this Court. Defendant does not contest

21  Plaintiff's freedom to introduce the deposition testimony into evidence (to the extent it is within

22  the scope of the deposition notice). (Dkt. 163 at 7.) Thus, there is no reason to require "findings"

23  in support of his unavailability.

24  ORDER ON MOTION FOR ORDER AND LEAVE
TO HAVE FRCP 30(B)(6) WITNESS APPEAR AT
TRIAL VIA VIDEO CONFERENCE, OR
ALTERNATIVELY, FOR FINDINGS PURSUANT
TO FRCP 32(A)(4)(C)- 4

1

### Conclusion

2        The Court DENIES the motion to compel FRCP 30(b)(6) deponent to appear at trial via

3 video conference because the Federal Rules of Civil Procedure do not require the deponent to

4 appear. The Court DENIES the alternative motion for findings pursuant to FRCP 32(a)(4)(C)

5 because there is no need for such findings.

6

7        The clerk is ordered to provide copies of this order to all counsel.

8        Dated this 3rd day of June, 2014.

9

10

11

Marsha J. Pechman
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24 ORDER ON MOTION FOR ORDER AND LEAVE
TO HAVE FRCP 30(B)(6) WITNESS APPEAR AT
TRIAL VIA VIDEO CONFERENCE, OR
ALTERNATIVELY, FOR FINDINGS PURSUANT
TO FRCP 32(A)(4)(C)- 5